Hector Guillermo VEGA–SANCHEZ, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73903,

United States Court of Appeals, Ninth Circuit.

Submitted: May 10, 2004.*

Decided: May 14, 2004.

Hector Guillermo Vega–Sanchez, Las Vegas, NV, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Leslie McKay, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

MEMORANDUM **

Hector Guillermo Vega–Sanchez, a native and citizen of Mexico, petitions pro se

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

for review of the Board of Immigration Appeals' ("BIA") per curiam affirmance of the immigration judge's decision that Vega–Sanchez abandoned his opportunity to file an application for cancellation of removal. The BIA also denied Vega–Sanchez's motion to reopen and remand to apply for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252(a). We review the BIA's decision for abuse of discretion, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). We review de novo claims of due process violations in removal proceedings. *See Castillo–Perez v. INS*, 212 F.3d 518, 523 (9th Cir.2000). We deny the petition for review in part, and dismiss it in part.

The BIA did not abuse its discretion in refusing to reopen Vega–Sanchez's case because it correctly determined that Vega–Sanchez failed to establish the threshold statutory requirement of ten years continuous physical presence to qualify for cancellation of removal. *See Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000). Similarly, contrary to Vega–Sanchez's contention, the format and content of the BIA's order did not violate his due process rights because, despite its brevity, the BIA's opinion addressed the issues Vega–Sanchez raised on appeal and sufficiently detailed the reasons for denial. *See Marcu v. INS*, 147 F.3d 1078, 1082 (9th Cir. 1998) ("all that is necessary is a decision that sets out terms sufficient to enable us as a reviewing court to see that the Board has heard, considered, and decided.") (citation omitted).

We lack jurisdiction to review Vega–Sanchez's ineffective assistance of counsel claim, or his claim that the immigration judge denied him a full and fair hearing, because he did not raise these issues be-

fore the BIA. *See Liu v. Waters*, 55 F.3d 421, 424–25 (9th Cir.1995); *Sanchez–Cruz v. INS*, 255 F.3d 775, 779–780 (9th Cir. 2001).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**